ment given, although the affidavit was only that the rent was unpaid "at the time of the notices and demands" and not at the time of suit brought. The averment as to subletting without consent does not allege any damages. The third ground, that at the time of making the lease there was a collateral agreement to remove a stable on the demised premises to the adjoining lot is subject to the same objection, besides lacking the necessary averment that the agreement set up was an essential part of the contract without which the lease would not have been signed.

The last ground of defense is that the premises were to be yielded up in as good repair as when received, and that on the contrary, the same were in a very dilapidated condition, had been allowed to become so with intent to defraud the defendant, and that to put them in good and sufficient repair will require the expenditure of $620. This, in spite of its vagueness and generality, would have some plausibility were it not for the fact that appears in the pleadings, that the premises when leased were a vacant lot, and that the only building on it was to be thereafter erected by the lessee of a size, style, cost and subsequent use entirely in his own discretion. In view of this fact the affidavit is simply impudent.

Judgment affirmed.

---

# Henry Crumley et al., Appellants, *v.* John Lutz et al.

*Practice, S. C.—Quashing appeal—Exceptions—Evidence.*

An appeal by a plaintiff in ejectment from the refusal of the court below to arrest a judgment on a verdict in favor of defendant will be quashed where the record shows that no exception was filed to any action of the court below, although the reason suggested for arresting the judgment was because the court below called a jury, and in the absence of the plaintiff or his counsel, and without testimony being produced by plaintiff, took a verdict for defendant.

Argued Jan. 10, 1896.   Appeal, No. 469, Jan. T., 1895, from order of C. P. No. 4, Phila. Co., Dec. T., 1893, No. 802, refusing to arrest judgment.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Appeal quashed.

Ejectment for a tract of land in the 26th ward of Philadelphia.

From the record it appeared that on February 13, 1895, a verdict was rendered for defendants.

Plaintiffs moved an arrest of judgment, filing the following reasons:

First. Because the jury was called, and a verdict for the defendants taken by the court, in the absence of the plaintiffs, their witnesses and counsel, and without testimony of any kind having been produced by the plaintiffs before the court and jury.

Second. Because the learned judge who tried the cause erred in directing the impaneling of a jury and in accepting a verdict for defendants, in the absence of testimony of any kind being produced by plaintiffs, instead of directing a nonsuit.

The court refused to arrest the judgment.

No exceptions were taken to any action of the court below.

*Error assigned* was order refusing to arrest judgment.

*John M. Arundel,* for appellants.—At common law, before the jury deliver their verdict, the plaintiff is bound to appear in court by himself or counsel: 1 Troubat & Haly, 578; M'Credy v. Fey, 7 Watts, 496; Haviland v. Fidelity Ins. & Trust Co., 108 Pa. 236; Easton Bank v. Coryell, 9 W. & S. 153.

*Frederick J. Knaus* and *Horace Haverstick,* for appellees.—The statute of Westminster 2d is still in force in Pennsylvania, notwithstanding the act of 1887, and an exception taken and sealed under that statute is still the only way of making the testimony part of the record: Com. v. Arrott, 161 Pa. 320; Rosenthal v. Ehrlicher, 154 Pa. 396; Connell v. O'Neil, 154 Pa. 582.

PER CURIAM, January 10, 1896:

Appeal quashed.